If I understand the argument of the defendant, it is that the reference made in the sheriff's deed to the will of David Smith, describing the land sold, should be rejected, as repugnant to other descriptions which are sufficient to identify and locate it, which, being more certain, should control, and if necessary correct that contained in the reference. The description contained in the sheriff's deed is "a tract of land lying in the county of Pitt, on the south side of Tar River, and on both sides of Hardie's Run, being the lands devised to Charles Smith by his father, David Smith, and the undivided share of the said Charles Smith in the lands of his deceased brother, John Smith, containing 500 acres, more or less, being a part of three patents granted to John Hardie." It is true, as contended by the counsel for the defendant, that if there is a full and clear description contained in one part of a deed, and in another part one less full and clear, which (246) cannot be reconciled with the first, the weaker shall give way, and, if it cannot be disposed of otherwise, entirely rejected. Thus, if A grant to B black acre, which he purchased of C, black acre will pass, although A purchased it of D, and not of C. If possible, the weaker description shall not be rejected; where they can be reconciled, it shall be done, and it is rejected only when that is impossible. But so far am I from thinking in this case that either should be rejected as false or contradictory, I am of opinion that the description is incomplete without both. That the lands lie on the south side of Tar River, in Pitt County, on both sides of Hardie's Run, is certainly not sufficiently descriptive, nor is their locality fixed by further adding, "being part of three patents granted to John Hardie." If the words had been, "being the lands granted to John Hardie," it would have admitted of very great doubt whether the reference to David Smith's will could have any effect; but the words are "part of three patents." What part — one-half, one-tenth, or one-twentieth? The reference to the will of David Smith is therefore necessary to ascertain what part, and the defendant himself is under the necessity, not only of admitting it, but of insisting that it was made solely for the purpose of identifying the lands sold, and not the quantity of estate; for if the reference is used for the latter purpose, nothing passed, as Charles derived no estate in the lands from his father, he having none in them to give, they being the property of his mother. Indeed, if there is any doubt at all, it is whether anything, rather than what, passed. But I think *Page 145 
there is none or very little. The reference to the will rendered that certain which was before vague and undefined.
PER CURIAM. Judgment affirmed, with the costs of this Court.
Approved: Knight v. Leak, 19 N.C. 133; Murphy v. Murphy, 132 N.C. 362.
(247)